# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LEONARDO VARGAS,

        Defendant.

No. CR 02-4106-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

_____

## TABLE OF CONTENTS

I.   *INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.  *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 3
    B.  *Actual Innocence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C.  *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 10
        1.  *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 11
        2.  *Claims of ineffective assistance at issue here* . . . . . . . . . . . 13
            *a.  Advising defendant to enter a guilty plea* . . . . . . . . 13
            *b.  Failing to object to the PSIR* . . . . . . . . . . . . . . 16
            *c.  Failing to produce evidence of methamphetamine quantity* . . . . . . . . . . . . . . . . . . . . . . . . . 17
            *d.  Failing to require all elements be proved* . . . . . . . . 18
            *e.  Failing to move for a downward departure* . . . . . . . . 18
            *f.  Failing to object after the defendant's sentence was imposed* . . . . . . . . . . . . . . . . . . . . . . . . . 19
    D.  *Remaining Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    E.  *Evidentiary Hearing And Certificate Of Appealability* . . . . . . . . . . . 21

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## I.  INTRODUCTION AND BACKGROUND

The grand jury returned a two-count indictment against defendant Leonardo Vargas on November 20, 2002.  The indictment charged defendant Vargas with one count of conspiring with others to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 846 and 860(a); and a second count of knowingly possessing firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant Vargas was appointed counsel and initially entered a plea of not guilty at his arraignment.  As trial neared, however, defendant Vargas decided to enter a guilty plea on both counts.  This court subsequently accepted defendant Vargas's guilty plea on the report and recommendation of the magistrate.  The undersigned then sentenced defendant Vargas to 151 months imprisonment on count I and another 60 months imprisonment on count II, to be served consecutively.

Defendant Vargas appealed his sentence.  His counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court should not have sentenced defendant Vargas before verifying that defendant Vargas had personally read the presentence investigation report (PSIR), and that the government should have moved the court to depart downward from the sentencing guidelines range and below the minimum sentence.  The Eighth Circuit Court of Appeals allowed counsel to withdraw and affirmed the judgment of this court in a per curiam unpublished opinion.

The court is now presented with defendant Vargas's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person in Federal Custody. Defendant Vargas filed a memorandum in support of his application for § 2255 relief.  The court then ordered the government to file its resistance, which it did accompanied by the

2

supporting affidavit of defendant Vargas's trial counsel.  The defendant then filed his reply, accompanied by his own supporting affidavit.

Defendant Vargas raises several grounds for relief in his pro se application and supporting memorandum.  One of his claims is that he is actually innocent on count II because he did not knowingly possess firearms in violation of 18 U.S.C. § 924(a)(1)(A). In addition, the court can discern six articulated grounds that are based on claims of ineffective assistance of counsel:  (1) his counsel was ineffective in advising him to enter a guilty plea that was not knowingly and intelligently made; (2) his counsel was ineffective in failing to object to the PSIR; (3) his counsel was ineffective in failing to produce evidence to rebut the quantities of methamphetamine in the PSIR; (4) his counsel was ineffective in failing to have the government prove at sentencing every essential element of the offenses he pled guilty to; (5) his counsel was ineffective in failing to move for a downward departure at sentencing based on his status as a deportable alien, and (6) his counsel was ineffective in failing to object after his sentence was imposed.  Defendant Vargas also argues this court deprived him of due process and his Sixth Amendment rights at sentencing for four reasons:  (1) by relying upon the PSIR to make factual findings, (2) by impermissibly shifting the burden of proof to the defendant, (3) by failing to require the government to satisfy the requisite burden of proof, and (4) by relying on alleged unconstitutional sentencing guidelines to determine his sentencing range.   Finally, defendant Vargas argues he is entitled to an evidentiary hearing on these matters.

## II.  LEGAL ANALYSIS

### A.  Standards For Relief Pursuant To § 2255

The court first articulates the standards to apply in this case.  Section 2255 of Title 28 of the United States Code provides:

3

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). In addition, the Supreme Court has permitted a movant to avoid procedural default by showing he or she is actually innocent. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted)).

4

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

A defendant who petitions the court for § 2255 relief is not automatically entitled to a hearing on the issues presented. An evidentiary hearing will not be granted if "the motion and the files and the records of the case conclusively show that the prisoner is [not] entitled to . . . relief." 28 U.S.C. § 2255; *see United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (quoting 28 U.S.C. § 2255). Otherwise, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. In addition, even if the court

5

grants a hearing, the "court may entertain and determine such motion without requiring the production of the prisoner at the hearing." *Id.*

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### B. Actual Innocence

Defendant Vargas claims he is actually innocent on count II because he did not knowingly possess firearms in violation of 18 U.S.C. § 924(a)(1)(A). The defendant alleges there is no evidence in the record to support his conviction under § 924(a)(1)(A), other than his guilty plea, and that he would have never pled guilty to this charge had it not been for the erroneous advice of his counsel. Memo. at p. 21. The defendant even claims there is no evidence that he possessed, or owned, the firearms found at his residence. *Id.*

The court initially notes there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence. *See House v. Bell*, __ U.S. __, __, 126 S. Ct. 2064, 2067-68 (2006). The gateway claim of actual innocence, which the court has

6

already recognized, exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him or her from bringing other claims. *See id.* at ___, 126 S. Ct. at 2068; *Bousley*, 523 U.S. at 623. In other words, the claim of actual innocence serves as a gateway for the petitioner to argue his or her other claims before the habeas court. *House*, __ U.S. at __, 126 S. Ct. at 2068. Thus, it is a compliment to the "cause and prejudice" standard that permits a petitioner to bring an otherwise procedurally barred claim. *See McNeal*, 249 F.3d at 749 ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence.").

A freestanding claim of actual innocence, on the other hand, is a petitioner's attempt to prove his or her innocence outright. *See House*, __ U.S. at __, 126 S. Ct. at 2086-87; *see also Herrera v. Collins*, 506 U.S. 390, 417 (1993) (recognizing the possibility of such a claim). In other words, a successful freestanding claim of actual innocence not only avoids a procedural bar, but it renders any procedural bar irrelevant. If successful, the petitioner has, in fact, proved his or her innocence and therefore does not need to make any other argument that may have been procedurally defaulted.

A freestanding claim of actual innocence, however, has never explicitly been recognized by the Supreme Court. *See House*, __ U.S. at ___, 126 S. Ct. at 2087; *Baker v. Yates*, 2007 WL 2156072 (S.D. Cal.) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In *House*, the Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." __ U.S. at __, 126 S. Ct. at 2087. The Supreme Court did, however, conclude "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied

7

it." *Id.* The Court also recognized, as it did in *Herrera*, that the standard for any freestanding innocence claim would be "'extraordinarily high.'" *Id.* (quoting *Herrera*, 506 U.S. at 417). But it did not explain what that standard would require, except that it would require more than the showing required to make a successful gateway innocence claim. *Id.* at __, 126 S. Ct. at 2087 ("The sequence of the Court's decisions in *Herrera* and *Schlup*--first leaving unresolved the status of freestanding claims and then establishing the gateway standard--implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.").

While the standard for a gateway innocence claim is less demanding than its counterpart, it is still very strict. A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at __, 126 S. Ct. at 2076-77. Thus, first a petitioner must present "'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Id.* at __, 126 S. Ct. at 2077 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Armed with such evidence a petitioner may then attempt to meet the "demanding" standard that "permits review only in the 'extraordinary' case." *Id.* (quoting *Schlup*, 513 U.S. at 327). The standard, however, "does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id.*

In this case, defendant Vargas has not specifically labeled his claim of actual innocence as a freestanding claim or as a gateway claim. Nevertheless, the court will assume the defendant has made both claims. In the end, however, it does not matter which

8

claim the defendant advances. Even a gateway claim cannot succeed, and when a gateway claim fails , a freestanding claim--if cognizable--inevitably fails as well. *See id.* at __, 126 S. Ct. at 2087.

First, defendant Vargas has not presented any new evidence. *See id.* at __, 126 S. Ct. at 2077 (requiring the petitioner to present new evidence). While the standard requires "new reliable evidence . . . that was not presented at *trial*," *Schlup*, 513 U.S. at 324 (emphasis added), and defendant Vargas never went to trial, the court does not see how the standard would differ in circumstances involving a plea, *see Bousley*, 523 U.S. at 623-24 (remanding case to the district court to evaluate defendant's claim of actual innocence even though he pleaded guilty). There was "evidence" admitted by the defendant at his plea hearing, and "evidence" that the defendant failed to object to in the PSIR. *See id.* at 624 n.3 (noting the "factual innocence inquiry" in a guilty plea context is aided by the "proffers, recorded verbatim on the record, demonstrating a factual basis for the plea"). The only new "evidence" defendant Vargas has presented is in the form of alleged ineffective assistance of counsel, which the court will address later. As for his claim of actual innocence, defendant Vargas has not presented any new evidence to contradict the established record. This deficiency alone is enough to deny his claim. *See House*, __ U.S. at __, 126 S. Ct. at 2077.

Second, the existing record supports his conviction under count II and explicitly contradicts his argument. The government charged the defendant with possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). Whereas at the plea hearing the defendant admitted "[t]he .25 [pistol] was mine," and that he had it to protect himself in relation to his drug activities, Plea Tr. at p. 40, he now argues "there was no evidence adduced that would show that Petitioner possessed, nor that he owned, these particular firearms," Memo. at p. 21. Furthermore, the defendant did not

9

object to the PSIR that admitted he owned two of the firearms found in his residence. PSIR at p. 4-5, para. 13. The defendant has not refuted or rebutted the admissions he made clearly supporting his conviction.

The defendant's argument is only that under the existing record no reasonable juror could have found him guilty. The existing record certainly convinced the defendant himself that he was guilty, and the court is convinced that reasonable jurors could come to the same conclusion. Therefore, the defendant has not made a successful showing to establish a gateway claim of actual innocence. *See Bousley*, 523 U.S. at 623-24 (noting "that 'actual innocence' means factual innocence, not mere legal insufficiency" (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992))). As such, he has also failed to meet any hypothetical freestanding claim. Therefore, this portion of the defendant's claim is denied, and he must rely on some other avenue to present any claims that may be procedurally defaulted.

### C.  Ineffective Assistance Of Counsel

Many of defendant Vargas's grounds for relief are presented as claims of ineffective assistance of counsel. If successful, these claims could provide "cause" for failing to raise the underlying claim on direct appeal. *See McNeal*, 249 F.3d at 749. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear*

10

*Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will address defendant Vargas's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### 1. Applicable standards

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *Ledezma-Rodriguez*, 423 F.3d at 836 (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington* . . ." which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d].").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating

11

counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v.*

*Norris*, 103 F.3d 710 (8th Cir. 1997)).  The court will now consider defendant Vargas's six ineffective assistance of counsel claims as stated in his motion and memorandum for § 2255 relief.

### 2. *Claims of ineffective assistance at issue here*

#### a. *Advising defendant to enter a guilty plea*

Defendant Vargas contends his counsel was ineffective in advising him to enter a guilty plea that was not knowingly and intelligently made.  The defendant alleges his plea was constitutionally inadequate because counsel advised him to plead guilty without conducting a "proper investigation" into the facts of his case.  Memo. at p. 6.  In addition, the defendant avers that his counsel was "fully aware that [he] did not understand the plea," that he was not informed his plea would result in consecutive sentences with mandatory minimums, and that he believed he would only receive a sentence based on the amount of drugs he was personally responsible for.  Vargas Aff. at para. 2-3, 5.  In short, and in his own words, the defendant claims he was "bamboozled" into giving a "coerced and misinformed guilty plea."  *Id.* at para. 5.  In legal terms, and in the words of the Eighth Circuit, the defendant's claim is derived from the following:  "A guilty plea must represent the informed, self-determined choice of the defendant among practicable alternatives; a guilty plea cannot be a conscious, informed, self-determined choice if the accused relies upon counsel who performed ineffectively in advising him."  *Hawkman v. Parratt*, 661 F.2d 1161, 1170 (8th Cir. 1981) (citing *United States ex. rel. Healey v. Cannon*, 553 F.2d 1052, 1056 (7th Cir. 1977).

The defendant, however, does not state how his counsel failed to properly investigate his case, or how his counsel knew he did not understand his plea.  Moreover, counsel's sworn affidavit contradicts the defendants contentions, and there is no evidence to suggest his counsel coerced him into making a misinformed guilty plea.  Furthermore,

13

the record established at the plea hearing clearly reveals defendant Vargas was informed of the consequences of his plea.

At the plea hearing and through his interpreter, whom he stated he could understand, defendant Vargas acknowledged he "did not have to plead guilty to these charges." Plea Tr. at p. 4-5. In addition, the magistrate informed defendant Vargas that "if you can't answer these questions truthfully, you probably shouldn't be pleading guilty." *Id.* Defendant Vargas answered that he understood. *Id.* at p. 5. The magistrate also informed the defendant of the minimum sentences relative to both counts. *Id.* at p. 13-15. Defendant Vargas was told multiple times that count I required a minimum sentence of ten years, and that count II required a minimum sentence of five years. *Id.* The magistrate emphasized the sentences would run consecutively and additionally stated: "Now, you should understand in your case because of the ten-year mandatory minimum and the five-year consecutive minimum on the gun charge, . . . the shortest sentence you could receive just based on the mandatory minimums is fifteen years." *Id.* at p. 14-15. The magistrate stated later, when addressing the sentencing issue again, that "I don't know how [your sentence] could be lower than fifteen years." *Id.* at p. 30. In all respects the magistrate made a searching inquiry into the propriety of the defendant's plea.

Defendant Vargas does, however, specifically state that his counsel advised him to plead guilty without informing him that he could be sentenced based on a greater amount of drugs than he was personally responsible for. Vargas Aff. at para. 5. Even if we assume Vargas's counsel rendered deficient performance by failing to advise him that he may be sentenced based on the drug quantity deduced from "all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy," *United States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006) (citing *United States v. Mickelson*, 378 F.3d 810, 821-22 (8th Cir. 2004) and U.S.S.G.

14

§ 1B1.3(a)(1)(B)), the defendant has not shown he was prejudiced by such conduct. In order to show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. McMullen*, 86 F.3d 135, 137 (8th Cir. 1996) (quoting *Hill*). To meet the "reasonable probability" standard, a defendant cannot simply assert he would not have pleaded guilty. *Hill*, 474 U.S. at 58-59. More is required, and it often demands a showing that going to trial would have changed the outcome of the matter in a significant way. *See id.* ("In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.").

In this case, and again assuming that his counsel did not inform the defendant that he could be sentenced based on an amount of drugs that was involved in the conspiracy, and also assuming this would be deficient performance, the court cannot say there is a reasonable probability that defendant Vargas would have gone to trial as a result of knowing this information. First, the defendant does not argue he would not have pled guilty as a result of knowing he could be sentenced based on the amount of drugs "known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy." *Plancarte-Vazquez*, 450 F.3d at 852. The defendant's claim is simply that he did not understand he could be sentenced for an amount of drugs that he was not personally responsible for. The defendant does, however, argue that his intentions of going to trial and not pleading guilty could not have been clearer because he "continuously maintain[ed] his innocence to counsel." Defendant's Reply at p. 4. Nevertheless, after listening to the elements of the charges against him at his plea hearing, the defendant acknowledged his guilt in open court. *See* Plea Tr. pp. 32-41. Finally, even if he went

15

to trial and was adjudicated guilty, Vargas faced the same possibility of being sentenced on an amount of drugs he was not personally responsible for. Thus, in weighing the decision of pleading guilty or going to trial, his sentencing prospects would remain unchanged. Under these circumstances, the court cannot say there is a reasonable probability that Vargas would have gone to trial instead of pleading guilty.

As a result, the court cannot conclude defendant Vargas's counsel rendered deficient performance in this respect. The defendant has not articulated how his counsel failed to conduct a proper investigation, nor how his counsel knew he did not understand his plea. In addition, the record reveals Vargas knew he would be sentenced to at least fifteen years imprisonment and made a knowing and intelligent plea in all other respects. Finally, the defendant has not proven he was prejudiced by not being informed he could be sentenced based on an amount of drugs he was not personally responsible for. This portion of the defendant's claim is denied.

### b.   *Failing to object to the PSIR*

Defendant Vargas argues his counsel was ineffective for not objecting to the PSIR because the PSIR indicated the defendant was personally responsible for all the drugs found in the search of his residence. *See* PSIR at para. 13. Defendant Vargas claims he informed his counsel that these drugs were mainly the informant's drugs, and that knowing this, his counsel should have objected to the PSIR. Because the PSIR was not objected to on this ground, and because his counsel did not otherwise inform the trial court of this information at sentencing, the defendant claims he received a longer sentence than was warranted by the facts.

A defendant can be held responsible for "drug quantities implicated in the conspiracy that are reasonably foreseeable to [her or him]." *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir. 1993). In his affidavit, defendant Vargas's counsel states that

16

he believed the drugs were properly calculated against the defendant in the PSIR because the defendant was knowingly involved in the storage of those drugs for the distribution to others. Counsel's Aff. at p. 1. Defendant Vargas's memorandum in support of his § 2255 motion admits that he "allowed the informant the use of his home to sell his drugs." Memo. at p. 8. Moreover, the defendant was given an opportunity to review the PSIR and raised only one objection, unrelated to this issue, and that was later dropped by the time of sentencing. *See* Plea Tr. at p. 3. Under these circumstances the court cannot say defendant Vargas's counsel rendered deficient performance in failing to object to the PSIR on this ground, or in failing to inform the court that the drugs did not all personally belong to the defendant. This portion of defendant's claim is denied.

### c. *Failing to produce evidence of methamphetamine quantity*

Relying on *United States v. Houston*, 338 F.3d 876 (8th Cir. 2003), defendant Vargas alleges his counsel was ineffective in failing to produce evidence to rebut the quantities of methamphetamine attributed to him in the PSIR. In *Houston*, the defendant objected to the amount of actual, or pure, methamphetamine attributed to him in the PSIR. *Id.* at 879-80. Although not relying on the amount listed in the PSIR, the district court found the government had proven an amount of actual methamphetamine and sentenced the defendant accordingly. *Id.* at 880. On appeal, the Eighth Circuit vacated the sentence because the government had not proven the quantities the defendant admitted to possessing were actual, rather than mixture, methamphetamine quantities. *Id.* at 881-82.

*Houston* is not relevant authority for defendant Vargas's position because he failed to object to the quantities of methamphetamine in the PSIR. His counsel could have produced evidence against the drug quantities listed in the PSIR had defendant Vargas had any objection to those quantities. Except for a "double-counting" objection which ultimately became a non-issue at sentencing, there were no other objections raised by the

17

defendant. *See* Sentencing Tr. at p. 3. As a result, his counsel did not render deficient performance in failing to produce evidence against the drug quantities listed in the PSIR. This portion of defendant Vargas's claim is denied.

### d.      *Failing to require all elements be proved*

Defendant Vargas contends his counsel was ineffective in failing to require the government to prove every essential element of his crimes at sentencing. The defendant, of course, pled guilty to the charges. Therefore, the government did not need to present evidence to determine the defendant's guilt at any point in these proceedings, let alone at sentencing, and defendant Vargas's counsel was not ineffective in failing to require as much. In addition, at the defendant's plea hearing, the magistrate dutifully informed the defendant of the elements the government would have to prove on each count, and the defendant candidly admitted the factual basis to establish each element. *See* Plea Tr. pp. 32-41. This portion of the defendant's claim is denied.

### e.      *Failing to move for a downward departure*

Defendant Vargas alleges he was never informed by his counsel that if he waived his deportation hearing he could receive a downward departure at his sentencing. The defendant claims that if he had been aware of this he would have requested a downward departure. Memo. at p. 24. It is true that "[i]n this circuit a sentencing court may grant a downward departure under U.S.S.G. § 5K2.0 for a defendant's willingness to waive resistance to deportation," although the circuit "has not yet decided whether the effect on incarceration of being a deportable alien can warrant a downward departure in a drug conspiracy case." *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001) (citing *United States v. Cruz-Ochoa*, 85 F.3d 325, 325-26 (8th Cir. 1996), in turn citing *United States v. Cardosa-Rodriguez*, 241 F.3d 613, 614 n.2 (8th Cir. 2001)). Thus, in defendant Vargas's circumstances it is not even clear that such a departure was possible, and it

18

certainly was not deficient performance by his counsel to fail to inform the defendant about the uncertain possibility of a departure. Furthermore, it would be difficult for defendant Vargas to prove he was prejudiced by this alleged failure even if it was a viable basis for a downward departure. *Id.* ("[T]he decision to depart or not is soundly within the district court's discretion." (citing *United States v. Hernandez-Reyes*, 114 F.3d 800, 803 (8th Cir. 1997))). As a result, defendant Vargas has not proven his counsel was ineffective in this regard. This portion of the defendant's claim is denied.

### *f.    Failing to object after the defendant's sentence was imposed*

Defendant Vargas's last ineffective assistance of counsel claim is premised on his belief that at the conclusion of his sentencing hearing his attorney informed the undersigned that he had "No objections, your honor" to the sentence and manner in which it was imposed. Memo. at p. 14. According to the defendant, this meant any appeal was meaningless because he had waived such a right by not objecting to his sentence. This, according to the defendant, was ineffective assistance of counsel.

The sentencing transcript, however, does not contain such a statement by defendant's counsel. Regardless, the defendant's argument on this point is lost. While the failure to object may generally preclude a party from raising that issue on appeal, defendant Vargas does not state what grounds, other than those unsuccessful grounds we have addressed above, his counsel should have raised. Defendant Vargas simply states his counsel's failure to object made any appeal meaningless, without reference to any specific objection that could have been advanced. The court cannot say his counsel was ineffective without being presented with a specific ground for ineffective assistance. In other words, the defendant must at least state what his counsel should have objected to. The general failure to raise an objection, of course, is not sufficiently specific. As a result, this portion of the defendant's claim is denied.

### D. Remaining Claims

Defendant Vargas additionally claims this court deprived him of due process and his Sixth Amendment rights at sentencing. The defendant specifically claims this court deprived him of his rights by (1) relying upon the PSIR to make factual findings, (2) by impermissibly shifting the burden of proof to the defendant, (3) by failing to require the government to satisfy the requisite burden of proof regarding drug quantity, and (4) by relying on sentencing guidelines that he claims are unconstitutional because they allow the judge to find facts that determine the defendant's sentencing range. Memo. at p. 14-15. These claims, however, were not raised in the prior proceedings and are therefore procedurally barred unless the defendant can "demonstrat[e] cause for the default and prejudice or actual innocence." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). As the court has already found, the defendant has not established a gateway claim of actual innocence. Moreover, his previous claims of ineffective assistance have failed. The remaining claims have not been framed as ineffective assistance of counsel claims, and no other ground has been alleged that would provide "cause" for their procedural default.

Nevertheless, the court will address each claim briefly, as the court is confident that none of these remaining claims are viable even if the defendant could show cause for their procedural default, as well as resulting prejudice. First, the law is clear that a sentencing court may rely on un-objected to statements in the PSIR as factual findings for purposes of sentencing. *See United States v. Townsend*, 408 F.3d 1020, 1022 n.2 (8th Cir. 2005) ("The district court may accept as true any factual allegations (1) contained in the PSIR to which the parties do not object specifically, or (2) that are admitted in the parties' briefs."). Second, there is no indication in the record that this court ever shifted or placed a burden of proof on the defendant at sentencing. It is hard to imagine what exactly the defendant means, because he does not explain his assertion and his sentencing was not

20

contested. Third, because the sentencing was uncontested and defendant Vargas did not object to the drug quantities in the PSIR, the government did not have any burden of proof at sentencing regarding drug quantity. Finally, the constitutionality of the sentencing guidelines have been addressed and upheld in several Supreme Court cases, and there is no indication the court applied them in an impermissible manner in this case. *See, e.g.*, *United States v. Booker*, 543 U.S. 220 (2005).

### E. Evidentiary Hearing And Certificate Of Appealability

In this case the motion, files, and record conclusively show the defendant "is not entitled to relief." 28 U.S.C. § 2255; *see United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-38 (8th Cir. 2005) (denying petioner's request for an evidentiary hearing). As a result, the defendant's request for an evidentiary hearing is denied.

Defendant Vargas must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v.*

21

*McDaniel*, 529 U.S. 473, 484 (2000)).  The court determines that defendant Vargas's application does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c).  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P.  22(b).  As a result, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III.  CONCLUSION

Defendant Vargas's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**.  Moreover, the court determines that the petition does not present questions of substance for appellate review.  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 4th day of September, 2007.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des  9/04/07

22